# **EXHIBIT 4**

# DECLARATION OF ARNOLD M. PARALE

I, Arnold M. Parale, declare under penalty of perjury pursuant to the laws of the United States of America:

1. I am and was at all material times employed by Anosis Maritime S.A Shipping Company, the commercial manager of the Vessel in charge of hiring crew on behalf of the Vessel Owners. I am Chief Engineer of the vessel M/V NIKOMARIN from August 26, 2020, including at the time of the relevant bunker delivery on February 16, 2021 at the port of Singapore.

2. I am a citizen of Philippines and I was born in Lucena City. I am serving as a Chief Engineer.

3. Except where otherwise expressed, I have personal knowledge of the facts set forth herein, and I am authorized to act for the Defendant in the instant case by providing this declaration.

4. At the time of the relevant fuel delivery on February 16, 2021, the Vessel was on a time charter party with BOSTOMAR LIMITED HK, by fixture recap dated January 14, 2021 and incorporated charter party provisions (the "Charter Party").

5. In my experience as a Chief Engineer, the supply of bunkers is typically ordered and paid by the charterers of a vessel. As Chief Engineer, I act in my capacity on behalf of vessel owners in certain circumstances, as authorized by the relevant charter party, which is subject to express or implied limitation under the charter party or other instructions from the owners.

6. Following the order of bunkers by the charterer for the Vessel, the Vessel is contacted by a local port agent to coordinate the logistics of such delivery. The port agent advises the identity of the physical supplier and the name of the bunkering barge for the delivery.

7. In this instance, I was informed that charterer Bostomar Limited HK ordered a certain quantity and quality of bunkers for delivery to the vessel in the port of Singapore on about February 16, 2021. I was not informed with whom Bostomar Limited HK contracted or the terms of any contract, only that CONSORT BUNKERS PTE LTD (referred to herein collectively as "Consort") would deliver fuel ordered by BostomarLimited HKto the Vessel.

8. On February 16, 2021, the Vessel arrived in Singapore and the barge M/T HAISOON 33 pulled alongside the Vessel for the delivery for fuel by Consort.

9. Prior to the delivery of bunkers, a meeting between the engaged crew of vessel and the Bunker Barge was taken. Due to COVID restrictions no-one boarded the M/V NIKOMARIN during bunkering operation. I was on board the M/V NIKOMARIN and Bunker Barge personnel were on board the barge. Thus, before the commencement of bunkering during the remote kick off meeting, a verbal express notice of protest and objection to any lien attaching to the Vessel for the fuel was made to Consort. I informed Consort that I will add on the BDN the seal numbers of the samples and the non-lien stamp as seems here below:

"THE GOODS AND/OR SERVICES BEING HEREBY ACKNOWLEDGED, RECEIVED FOR, AND/OR ORDERED ARE BEING ACCEPTED AND/OR ORDERED SOLELY FOR THE ACOUNT OF CHARTERERS OF THE M/V NIKOMARIN AND ARE NOT FOR THE ACCOUNT OF SAID VESSEL OR HER OWNERS. ACCORDINGLY, NO LIEN OR OTHER CLAIM AGAINST SAID VESSEL CAN ARISE THEREOF"

10.The representative of delivery barge agreed to add the seal numbers on the BDN but said that he will not accept to add the above stamp on BDN and told me to issue a letter of protest.

Although the addition of the above remark was rejected, the Owners (via myself) continued to protest that no lien was created against the Vessel based on the time charterer's order for bunkers, and expressly and unequivocally informed Consort (via the delivery barge personnel) that the fuel supply was not on the credit of the Vessel.

11. Despite Owner's express notification, Consort nonetheless proceeded with the transfer of fuel from the barge to the Vessel as ordered by charterer.

12. Immediately following the delivery of bunkers on February 16, 2021, I memorialized the prior objection that was expressly made at the pre-bunkering meeting in a Letter of Protest dated February 16, 2021 and addressed to Consort, charterers and other parties concerned. As true and correct copy of the Letter of Protest signed by me as the Chief Engineer of the Vessel is attached hereto as Exhibit 1. The letter of protest and the sealed samples were lowered to the barge, using a rope. Consort did not sign the letter of protest, but the representative of delivery barge wrote with his own handwriting "Refused to signed". When I took on board the BDN and the counter sealed samples, I realized that the letter of protest was marked "Refused to signed", and next to the field of the BDN "Was a letter of protest issued, Yes__, No__" neither box was checked .

13. As is industry custom, I signed the Bunker Delivery Note (BDN) to confirm receipt of the accurate quantities and qualities of fuel to the Vessel. Then I lowered the signed BDN to the barge with the same way.  The signature of the BDN, however, was made only as a servant of the charterer who ordered such bunkers, and did not act as consent on behalf of Owners to bind the Vessel to a maritime lien for payment in connection with the bunker delivery, as expressly stated to Consort prior to receiving any bunkers. I was expressly advised by Owners that I did not have

Owner's authority to bind the Vessel to lien and thus I was without power to do so. That was made clear to the provider of the fuel before and after bunkers were loaded.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 20th June, 2021
On board M/V NIKOMARIN

_____
Arnold M. Parale
Chief Engineer of the vessel M/V NIKOMARIN

_____
Rustia J. Conchas
3rd Engineer of the vessel M/V NIKOMARIN